UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| KENDRICK LAVON BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BUTLER COUNTY, MISSOURI, et al., ) <br> ) <br> Defendants. ) | Case No. 1:25-cv-00153-ACL |

## MEMORANDUM AND ORDER

Now before the Court is Plaintiff's second unsigned and incomplete motion for leave to proceed *in forma pauperis*. [Doc. 8]. On September 29, 2025, the Court ordered Plaintiff to file a motion to proceed *in forma pauperis* or pay the full filing fee for this matter within twenty-one (21) days. [Doc. 2]. On October 3, 2025, Plaintiff filed an incomplete motion to proceed *in forma pauperis* that was missing the second page and unsigned. [Doc. 4]. On October 20, 2025, the Court denied that incomplete and unsigned motion and ordered Plaintiff to file a complete and signed motion on a Court-provided form by November 10, 2025. [Doc. 7 (citing E.D. Mo. Local Rule 2.01(A)(1) ("All filings … shall contain the signature of the self-represented party or the party's attorney."); Fed. R. Civ. P. 11 (Every written motion must be signed "by a party personally if the party is unrepresented" and the Court may strike an unsigned paper "unless the omission is promptly corrected after being called to the . . . party's attention."))]. Plaintiff was warned that his failure to comply with the Court's Order would result in dismissal of this action. [*Id.* at 2].

On November 3, 2025, Plaintiff filed a second incomplete and unsigned motion to proceed *in forma pauperis*. [Doc. 8]. Like his first motion that was denied, this motion is also

missing the second page and is unsigned. [*Id.*] As such, like his first motion, this second motion will also be denied as incomplete and unsigned.

Local Rule 2.01 authorizes the Clerk of Court to refuse to receive any pleadings "until the applicable statutory fee is paid, except in cases accompanied by a completed application to proceed in forma pauperis." E.D. Mo. L.R. 2.01(B)(1). Plaintiff has failed to comply with the Court's Orders dated September 29, 2025 and October 20, 2025, requiring him to file a complete and signed motion to proceed *in forma pauperis*, or pay the full filing fee. [Docs. 2, 7]. Plaintiff was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given multiple opportunities and ample time to comply. As a result, this action is dismissed for failure to comply with the Court's Orders. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (the authority of a court to dismiss *sua sponte* for lack of prosecution is inherent power governed "by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that Plaintiff's second unsigned and incomplete motion to proceed *in forma pauperis* [Doc. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to allow remote proceedings via Zoom or video conference [Doc. 6] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal would not be taken in good faith.

Dated this 23rd day of December, 2025.

                                                                   _____
                                                                   STEPHEN N. LIMBAUGH, JR.
                                                                   SENIOR UNITED STATES DISTRICT JUDGE